

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-24-2002

# Aguiar v. Morgan Corp

Precedential or Non-Precedential:

Docket 0-1296

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"Aguiar v. Morgan Corp" (2002). *2002 Decisions*. Paper 33.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/33

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 00-1296
_____

JAMES AGUIAR,
                    Appellant

v.

MORGAN CORPORATION

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
D.C. Civil Action No. 99-cv-00496
(Honorable Franklin S. Van Antwerpen)
_____

Argued December 13, 2001

Before:  SCIRICA and BARRY, Circuit Judges,
         and MUNLEY, District Judge*

(Filed: January 23, 2002)

     *The Honorable James M. Munley, United States District Judge for the
Middle
District of Pennsylvania, sitting by designation.

MARK S. SCHEFFER, ESQUIRE (ARGUED)
Pomerantz, Scheffer & Associates
Stephen Girard Building, 7th Floor
21 South 12th Street
Philadelphia, Pennsylvania 19107

     Attorney for Appellant


G. THOMPSON BELL, III, ESQUIRE (ARGUED)
Stevens & Lee

111 North Sixth Street
P.O. Box 679
Reading, Pennsylvania 19603

Attorney for Appellee

_____

OPINION OF THE COURT
_____

PER CURIAM.

Plaintiff James Aguiar appeals an order granting summary judgment to the
Morgan Corporation on retaliation claims made under Title VII of the Civil Rights Act of
1964 (42 U.S.C.   2000e), the Civil Rights Act of 1870 (42 U.S.C.   1981), and the
Pennsylvania Human Relations Act (43 P.S.   951).  Aguiar contends Morgan unlawfully
took adverse employment action against him because he made a statement on behalf of a
black co-worker who filed a complaint of race discrimination with the Reading–Berks
Human Relations Council (RBHRC).  The District Court granted summary judgment for
the defendants because plaintiff failed to respond to Morgan's allegation that he
presented no evidence of an adverse employment action or a causal connection between
the alleged harassment and the termination. (District Court March 2, 2000 Opinion at 9)
("Without any such evidence it is impossible for a jury to find the plaintiff's retaliation
argument to have merit; therefore, summary judgment must be granted.").
We will affirm.

I.

We have jurisdiction under 28 U.S.C.   1291.  Our review of a grant of summary
judgment is plenary.  Cardenas v. Massey, No. 00-5225, 2001 U.S. App. LEXIS 22372, at
*4 (3d Cir. Oct. 16, 2001).  Federal Rule of Civil Procedure 56(c) "mandates the entry of
summary judgment, after adequate time for discovery and upon motion, against a party who
fails to make a showing sufficient to establish the existence of an element essential to that
party's case, and on which that party will bear the burden of proof at trial."  Id.  (quoting
Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986)).

II.

At issue is whether summary judgment was properly granted on Aguiar's

retaliation claim. To establish a prima facie case of unlawful retaliation under Title VII, 1981, and the PHRA , a plaintiff must demonstrate that: (1) he or she engaged in activity protected by Title VII; (2) the employer took an adverse employment action after or contemporaneous with the protected activity; and (3) a causal link exists between the protected activity and the adverse employment action. Weston v. Commonwealth of Pennsylvania, 251 F.3d 420, 430 (3d Cir. 2001); Robinson v. City of Pittsburgh, 120 F.3d 1286 (3d Cir. 1997). We conclude there is sufficient evidence of the first two elements, but not enough evidence of the requisite causal connection, and therefore we will affirm the District Court's judgment.

a. Aguiar engaged in protected activity

In October or November of 1996, Aguiar went to the Reading-Berks Human Relations Council and made a statement on behalf of a black co-worker who had filed a complaint of race discrimination. Thus, we hold that the record contains a sufficient showing that Aguiar engaged in a protected activity. See Abramson v. William Patterson College of New Jersey, 260 F.3d 265 (3d Cir. 2001) (describing acceptable indicia of protected conduct in the ADEA and Title VII contexts).

b. Aguiar suffered adverse employment action

Although the actual date and cause of termination is in dispute, both parties agree Aguiar was fired from his position of production employee at Morgan Corporation in July 1997. Aguiar's termination therefore fulfills the second prong of the prima facie case for a retaliation claim.

c. Insufficient evidence of causal link

On appeal, Aguiar alleges he presented sufficient evidence of a causal connection because in his deposition he asserted that (1) a group of Morgan employees threatened him with adverse employment action one and a half weeks after he gave a statement regarding racial remarks to the human relations council in 1996; (2) one person from that same group fired him over the telephone on July 7, 1997 when he requested more time off; and (3) a Morgan human relations employee informed him he was not getting a requested transfer because he was being "blackballed."

We see no merit in Aguiar's contention that these alleged events establish the

requisite causal connection "by way of a threat and the implementation of the threat."
(Appellant's Brief at 16).  We have stated that the existence of a causal link "must be
considered with a careful eye to the specific facts and circumstances encountered."
Farrell v. Planter's Lifesavers Co., 206 F.3d 271, 279 n.5 (3d Cir. 2000).  Evidence
probative of a causal link can be inferred from evidence "gleaned from the record as a
whole." Id. at 281 ("temporal proximity or antagonism merely provides an evidentiary
basis from which an inference can be drawn") (citations and alterations omitted).

Here, plaintiff has not provided sufficient evidence from which an inference of a
causal connection can be drawn.  Following his report to the human relations council,
Aguiar received positive performance evaluations and merit pay increases until the time
of his termination.  (District Court March 2, 2000 Opinion at 2).  When Aguiar requested
a different position to accommodate his diabetes symptoms, defendant complied by
offering him the only available position for which he was qualified, a paint prepper.  Id.
Aguiar refused this position  even though Morgan offered to pay him his former higher
salary  because he "didn't get along" with paint.   Id. at 3.  Because of his diabetes,
plaintiff was granted intermittent FMLA leave from June 16, 1997 until July 14, 1997.
When Aguiar failed to show up for work on July 14, Morgan's Employee Benefits
Manager sent a letter to Aguiar's physician on July 16, 1997 requesting medical
information explaining Aguiar's continued absence and "called every number we had for
[Aguiar] to try and contact him and could not get a hold of him."  When the manager did
not hear from Aguiar's physician after a week and a half (Whitmoyer Dep. 108a), another
human relations manager sent plaintiff a letter informing him that he was being
terminated in accordance with the corporation's "no call/no show" policy.  This
termination occurred in July 1997   more than eight months after the meeting with the
human relations council.   Aguiar has provided insufficient evidence of temporal
proximity or a pattern of antagonism.  On these facts, we conclude plaintiff has not raised
a genuine issue of material fact with regard to the causal connection between the alleged

adverse employment actions and the protected activity.

### III.

For these reasons, the judgment of the District Court will be affirmed.